**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| THE NEW YORK TIMES COMPANY, and ERIC LIPTON,  Plaintiffs,  - against -  UNITED STATES DEPARTMENT OF STATE,  Defendant. | 19 Civ. 645 (JSR)  **ANSWER TO AMENDED COMPLAINT** |

Defendant the United States Department of State ("Defendant" or "Department of State"), by undersigned counsel, hereby answers the Amended Complaint ("Complaint") of Plaintiffs The New York Times Company and Eric Lipton ("Plaintiffs") upon information and belief as follows:

1. Paragraph 1 of the Complaint constitutes Plaintiffs' characterization of their claims in this action, to which no response is required. To the extent Paragraph 1 of the Complaint contains factual allegations to which a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint.

4. With respect to Paragraph 4 of the Complaint, admits that the Department of State is an agency of the United States and avers that the Department of State is processing Plaintiff's FOIA Request, as defined in Paragraph 8 of this Answer and as narrowed in Paragraph 8 of the Complaint.

5. Paragraph 5 of the Complaint sets forth a legal conclusion regarding jurisdiction, to which no response is required.

6. Paragraph 6 of the Complaint sets forth a legal conclusion regarding venue, to which no response is required.

7. Paragraph 7 of the Complaint sets forth a legal conclusion regarding exhaustion, to which no response is required. To the extent a response is required, Defendant admits that it received the Freedom of Information Act ("FOIA") request referenced in Paragraph 8 of the Complaint, and respectfully refers the Court to that request for a complete and accurate description of its contents.

8. With respect to Paragraph 8 of the Complaint, Defendant admits that the State Department received Plaintiff Eric Lipton's FOIA request dated November 15, 2017, No. 2017-17100 (the "FOIA Request") and respectfully refers the Court to that FOIA Request for a complete and accurate description of its contents. Defendant further admits that for purposes of this litigation, Plaintiffs have limited the FOIA Request solely to ethics complaints regarding Secretary Chao's planned visit to China, as referenced in Paragraph 8 of the Complaint.

9. Admits the allegations in Paragraph 9 of the Complaint.

10. With respect to the allegations in Paragraph 10 of the Complaint, admits that the Department of State e-mailed Plaintiff Eric Lipton on February 7, 2018, admits that the quoted language in Paragraph 8 of the Complaint appeared in the Department of State's email dated February 7, 2018, and respectfully refers the Court to the Department of State's email dated February 7, 2018, for a true and accurate statement of its contents.

11. With respect to Paragraph 11 of the Complaint, admits that counsel for Plaintiffs contacted the Department of State by telephone and e-mail between September

and November 2018, admits that such contacts were not always immediately answered, and admits that the FOIA Request continues to be processed.

12. With respect to Paragraph 12 of the Complaint, admits that the Department of State e-mailed Plaintiff Eric Lipton on December 19, 2018, admits that the quoted language in Paragraph 12 of the Complaint appears in the Department of State's email, and respectfully refers the Court to the email for a true and accurate statement of its contents.

13. Admits the allegations in paragraph 13 of the Complaint and avers that Defendant's efforts in response to Plaintiff's FOIA Request are ongoing.

14. Defendant repeats and incorporates the foregoing paragraphs as though fully set forth herein.

15. Paragraph 15 of the Complaint sets forth legal conclusions, to which no response is required. To the extent a response is required, admits that the Department of State is an agency of the United States and respectfully refers the Court to the Freedom of Information Act for a complete statement of the statute's contents and requirements.

16. Paragraph 16 of the Complaint sets forth legal conclusions, to which no response is required.

17. Paragraph 17 of the Complaint sets forth legal conclusions, to which no response is required. To the extent a response is required, denies the allegations in Paragraph 17 of the Complaint.

18. Paragraphs 18-21 of the Complaint contain Plaintiffs' requests for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiffs are entitled to the relief sought.

## DEFENSE

19.     To the extent documents responsive to the FOIA Request, as narrowed in Paragraph 8 of the Complaint, are exempt from disclosure under FOIA, 5 U.S.C. § 552(b), Defendant need not produce such documents.

Date:  New York, New York
       March 13, 2019

>                     Respectfully submitted,
>
>                     GEOFFREY S. BERMAN
>                     United States Attorney for the
>                     Southern District of New York
>
> By:   */s/ Joseph N. Cordaro*
>                     JOSEPH N. CORDARO
>                     Assistant United States Attorney
>                     86 Chambers Street, 3rd Floor
>                     New York, New York 10007
>                     Telephone:  (212) 637-2745
>                     Email:  joseph.cordaro@usdoj.gov