# *New York Times, et al. v. Department of State*, 19-cv-00645 (S.D.N.Y.)

## *Vaughn* Index for F-2017-17100

### May 21, 2019

### Exhibit 1

| Doc. No. | Doc. Type | Pages | Date / Date Range | Author(s) / Recipient (s) | Review Result | Exemptions |
|---|---|---|---|---|---|---|
| **(1)** | | | | | | |
| C06704929 | Email | 4 | 10/19/2017 | Department of State ("DOS") | Release in Part ("RIP") | (b)(5) Attorney-Client Privilege ("ACP"), Deliberative Process Privilege ("DPP") |
| C06704930 | Email | 3 | 10/19/2017 | | | |
| C06704931 | Email | 3 | 10/19/2017 | | | |
| C06704932 | Email | 3 | 10/19/2017 | | | |
| C06705460 | Email | 2 | 10/19/2017 | | | |

**DESCRIPTION**: The documents in this category are versions of an intra-agency email exchange, the subject line of which is "Secretary Chao – Ethics Question."

In Document C06705460, the Department of State ("State") withheld information in an email from an employee at U.S. Embassy Beijing to State attorneys in the Office of the Legal Adviser's Office of East Asia and Pacific Affairs ("L/EAP") and employees in the Office of the Legal Adviser's Office of Ethics and Financial Disclosures ("L/EFD"). L/EFD is the State office that advises other parts of the agency and individual employees on compliance with legal obligations laid out in statutes such as the Ethics in Government Act of 1978, Pub. L. 95-521, and the Hatch Act, Pub. L. 76-252, regulations such as 5 C.F.R. Part 2635, and Executive Orders such as E.O. 13770. The information withheld in this email contains facts regarding the proposed inclusion of certain non-DOT individuals in Department of Transportation ("DOT") Secretary Elaine Chao's proposed trip to China, the embassy employee's assessment of those facts, and a request directed to the Office of the Legal Adviser ("L").

Documents C06704931 and C06704932 overlap with Document C06705460 and contain the information withheld in that document. In Document C06704932, State also withheld an L/EFD attorney's preliminary assessment of the inquiry from Embassy Beijing and a question about how to proceed in the course of developing legal advice, as well as another L/EFD attorney's response providing her preliminary assessment and opinion on

next steps for the development of legal advice.  In Document C06704931, State withheld an L/EFD attorney's preliminary assessment of the inquiry, his opinion about State's position in the matter, and his recommendation for how to immediately proceed in the course of developing legal advice.

Documents C06704929 and C06704930 also contain the initial email comprising Document C06705460.

Both of these documents contain follow-on exchanges between an L/EAP attorney and a State employee in the Bureau of East Asia and Pacific Affairs ("EAP").  The information withheld in these communications, includes preliminary legal advice provided by the L/EAP attorney, a question from the L/EAP attorney, and a response from the EAP employee providing additional facts for use by State attorneys in developing further legal advice.  Document C06704930 contains additional emails exclusively between L/EFD attorneys.  The withheld information in these exchanges reflects L/EFD attorneys' preliminary assessment of the situation, a communication to clients, and an explanation of actions taken to obtain additional facts for use in developing legal advice.  Document C06704929 contains a communication from an L/EFD attorney to the group of State employees appearing on the initial email comprising C06705460.  The information withheld in this communication contains preliminary legal advice responding to the inquiry from U.S. Embassy Beijing, which relates, in part, to obtaining additional facts in order to formulate more complete legal advice.  The withheld information also contains recommendations about how to proceed and a description of possible follow-up actions.

The information redacted in these documents was withheld under Exemption 5 pursuant to the attorney-client privilege and the deliberative process privilege.  The exchanges contain confidential communications from State employees to State attorneys for the purpose of obtaining legal advice, confidential communications from State attorneys to State employees providing legal advice, and communications between State attorneys reflecting the development of that legal advice.  The withheld information, which contains questions, preliminary positions, and proposals, is pre-decisional and deliberative with respect to State's input on the prospective trip and State attorneys' provision of final legal advice to State clients.  Release of this information would chill communications between State personnel, including attorneys, on sensitive subjects, and would therefore seriously inhibit State's ability to ensure compliance with legal obligations.  In addition, these discussions were a direct part of the deliberations on how to engage with foreign counterparts, a sensitive process the disclosure of which would seriously inhibit officials' ability to engage in such delicate negotiations in the future.

The Department conducted a line-by-line review of the documents and determined that there is no additional meaningful, non-exempt information that can be reasonably segregated and released.

| (2) | | | | | | |
|---|---|---|---|---|---|---|
| C06704926, Page 1 (first | Email | 2 | 10/20-23/2017 | DOS personnel, including attorneys; Department of Transportation ("DOT") | RIP | (b)(5) ACP, DPP; (b)(6)[1] |

---

[1] The Description section of this category does not address the Exemption 5 redactions in these documents claimed by DOT or the Exemption 6 redactions in these documents, which were claimed on behalf of DOT.  The Szabat Declaration submitted by DOT provides the justification for those redactions and a description of the withheld information.

| | | | | | |
|---|---|---|---|---|---|
| two (b)(5) redactions) | | | | | |
| C06704934, Pages 1–2 (all redactions) | Email | 5 | 10/20-23/2017 | | |
| C06704946, Pages 1–4 (all redactions) | Email | 7 | 10/20-24/2017 | | |

**DESCRIPTION**: The documents in this category are versions of an inter- and intra-agency email exchange involving personnel, including attorneys, from State and personnel from DOT. The subject of the email communications was Secretary Chao's proposed trip to China.

In Document C06704926, State withheld a communication from an employee at U.S. Embassy Beijing to a State attorney-adviser in L/EFD. The withheld information reflects the embassy employee's assessment of information provided by DOT and a question directed to the attorney. State also withheld a follow-on communication from the State attorney-adviser to his supervisor, the Assistant Legal Adviser for L/EFD. The withheld content consists of a question regarding how to proceed in the course of developing legal advice for U.S. Embassy Beijing and planning Secretary Chao's proposed trip. In addition, part of an email from DOT was withheld indicating the status of DOT deliberations that in turn influenced State's deliberations, all of which were integral for developing a unified inter-agency approach to planning the proposed trip.

Document C06704934 overlaps with Document C06704926 and contains the aforementioned communication from the embassy employee to the L/EFD attorney as well as the DOT communication. In addition to that communication, State withheld information in follow-on exchanges between the embassy employee and the L/EFD attorney. The withheld information contains the attorney's suggestions for how to proceed in the course of preparing legal advice for Embassy Beijing, the attorney's legal advice to Embassy Beijing (which also reflects legal advice provided by DOT), the attorney's solicitation of the embassy official's input on a particular subject (which was based on DOT's solicitation of input from State), and the attorney's preliminary position on that subject.

Document C06704946 overlaps with the previous two documents and contains the same communications that were withheld in Document C06704934. State also withheld information in follow-on exchanges between embassy employees and an attorney in L/EFD. The withheld content in these communications consists of an embassy employee's response to the L/EFD attorney's solicitation of input, his reaction to the L/EFD's attorney's legal advice (which itself reflects the legal advice provided), and facts provided by another embassy official for the purposes of obtaining

legal advice on a particular aspect of Secretary Chao's proposed trip. In addition, State withheld information in later exchanges between the L/EFD attorney, the Assistant Legal Adviser for L/EFD (who is also the Alternate Designated Agency Ethics Official, as that term is defined in 5 C.F.R. § 2638.104, a provision of regulations implementing the Ethics in Government Act of 1978), and the Deputy Legal Adviser supervising L/EFD (who is also the Designated Agency Ethics Official, as that term is defined in 5 C.F.R. § 2638.104, a provision of regulations implementing the Ethics in Government Act of 1978). The withheld portions of these exchanges reflect facts provided by embassy employees for the purpose of obtaining legal advice, questions about how to proceed, and proposals regarding how to proceed in the course of developing legal advice for State clients.

State withheld the identified information in these documents under Exemption 5 pursuant to the attorney-client privilege and the deliberative process privilege. The exchanges contain confidential communications from State employees to a State attorney for the purpose of obtaining legal advice, confidential communications from a State attorney to a State employees providing legal advice, and communications between State attorneys reflecting the development of that legal advice. The withheld information, which contains questions, preliminary positions, and proposals, is pre-decisional and deliberative with respect to State's coordination with DOT on the prospective trip, State's input on the trip, and State attorneys' provision of final legal advice to State clients. Release of this information would chill communications between State personnel, including attorneys, on a sensitive subject, and would therefore seriously inhibit State's ability to ensure compliance with legal obligations. In addition, these discussions were a direct part of the deliberations on how to engage with foreign counterparts, a sensitive process the disclosure of which would seriously inhibit officials' ability to engage in such delicate negotiations in the future.

The Department conducted a line-by-line review of the documents and determined that there is no additional meaningful, non-exempt information that can be reasonably segregated and released.